UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-120-MOC

| | |
|---|---|
| **NINGFEI YU; CHANGZE YUAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **ALEJANDRO MAYORKAS,** ) | |
| **Secretary of Department of Homeland** ) | |
| **Security; MERRICK GARLAND,** ) | |
| **U.S. Attorney General** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on initial review of Plaintiffs' Complaint, (Doc. No. 1), and on Plaintiffs' Motion to Proceed in Forma Pauperis, (Doc. No. 2).

## I. BACKGROUND

Pro se Plaintiffs Ningfei Yu (mother) and Changze Yuan (son), North Carolina residents, filed this action on March 23, 2021, naming as Defendants Alejandro Mayorkas, Secretary of Homeland Security, and Merrick Garland, U.S Attorney General. Plaintiffs allege that the United States Citizens and Immigration Services is not timely processing their applications for permanent residency. As a remedy, Plaintiffs ask the Court to order the Secretary of Homeland Security and U.S. Attorney General to process their applications in a timely manner.

## II. STANDARD OF REVIEW

The Court first addresses Plaintiffs' motion to proceed in forma pauperis. The Court only considers the mother's income as the son is not identified on the affidavit. Plaintiff's affidavit

1

shows she has no income and that her spouse has had a monthly income of $600 during the past 12 months, and she anticipates this to remain the same next month. (Doc. No. 2 at 1-2, 5). Plaintiff states that she has no money in financial accounts. Plaintiff reports $530.00 in total monthly expenses for herself and her husband. The Court is satisfied that Plaintiffs do not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

Because Plaintiffs are proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Here, Plaintiffs make vague allegations about their applications for permanent residency not being processed quickly enough. They have named as Defendants the Secretary of Homeland Security and U.S. Attorney General. Although Plaintiffs have filed their Complaint on a form used for filing a civil case, they have not identified any legal claims that they purport to bring in their Complaint. In sum, the Complaint is simply too vague to state a claim upon which relief may be granted. Therefore, the Court will dismiss this action without prejudice.

## IV. CONCLUSION

In sum, the Court dismisses this action.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

2. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

Signed: April 2, 2021

Max O. Cogburn Jr.
United States District Judge